UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re Application of

ROMAN VLADIMIROVICH SPIRIDONOV,            Case No. 21 Misc. 487 (PGG)

        Applicant.

------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**
**TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Applicant Roman Vladimirovich Spiridonov (the "Applicant"), by and through his undersigned counsel, hereby submits this Memorandum of Law in support of his Application for an Order pursuant to 28 U.S.C. § 1782 and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure for leave to serve Subpoenas[1] for testimony and production of documents on certain Respondent Banks[2] found within this District for use in a pending Russian Bankruptcy Proceeding[3] concerning Igor Vladislavovich Soglaev ("Mr. Soglaev"), and respectfully states and argues as follows:

**PRELIMINARY STATEMENT**

The Application seeks information for use in Mr. Soglaev's Russian Bankruptcy Proceeding. Specifically, the Application seeks information concerning certain of Mr. Soglaev's bank accounts that he told the Federal Tax Service of Russia's Inspectorate for Moscow (the

---

[1] Copies of the "Subpoenas" are attached as Exhibits to the Declaration of Robert E. O'Connor.
[2] The Subpoenas are directed towards J.P. Morgan Chase Bank N.A. and Citibank, N.A. (collectively, the "Respondent Banks").
[3] Specifically, case number A40-24731/20-185-45 «Ф» in the Arbitration Court of Moscow concerning insolvency proceedings against Igor Vladislavovich Soglaev (the "Russian Bankruptcy Proceeding"). "Russian bankruptcy proceedings are administered by Russian commercial courts known as 'arbitrazh courts.'" *In re Arida, LLC*, Case No. 19 Misc. 522, 2020 WL 7496355, at *5 (S.D.N.Y. Dec. 21, 2020).

"FTS") that he maintained at the Respondent Banks in New York. The information will be used in the Russian Bankruptcy Proceeding to help Ms. Andreeva Viktoria Vladimirovna (the "Official Receiver") locate and liquidate all of Mr. Soglaev's assets for the benefit of, and disiturbutions to, all of his creditors.

The Application satisfies each of Section 1782's mandatory requirements: (1) the Respondent Banks from whom discovery is sought are found within this District, (2) the testimony and documents will be used in the pending Russian Bankruptcy Proceeding concerning Mr. Soglaev, and (3) the Applicant is interested because he is a creditor of Mr. Soglaev.

Additionally, the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting the Application: (1) the Respondent Banks are not participants in the Russian Bankruptcy Proceeding, (2) the relief sought in this Court is consistent with the nature and character of the Russian Bankruptcy Proceeding—which seeks to locate and liquidate Mr. Soglaev's assets to satisfy his creditors—and the Russian Bankruptcy Court and the Official Receiver are receptive to judicial assistance from the United States, (3) the Application does not attempt to circumvent Russian (or United States) proof-gathering restrictions or policies, and (4) the discovery would not be unduly intrusive or burdensome because the Subpoenas are narrowly tailored to collect information relevant to Mr. Soglaev's assets.

## JURISDICTION AND VENUE

Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1782 because the Respondent Banks (*i.e.*, JPMorgan Chase and Citibank) reside within and are found within this District.

## STATEMENT OF FACTS

On June 9, 2017, the Applicant agreed to loan money to Mr. Soglaev.[4] Mr. Soglaev breached the Loan Agreement, and on December 9, 2019, the District Court of the City of Moscow issued an award in the Applicant's favor.[5] Thereafter, the Applicant joined the Russian Bankruptcy Proceeding against Mr. Soglaev as a creditor.[6]

Following the initiation of Mr. Soglaev's Russian Bankruptcy Proceeding, the Russian Bankruptcy Court appointed Ms. Andreeva Viktoria Vladimirovna as the Financial Manager and Official Receiver.[7] She sent Mr. Soglaev several requests for information about his assets.[8] She also sent several requests for information about Mr. Soglaev to the FTS.[9] She found that Mr. Soglaev had about €200,000.00 assets in Russia (*i.e.*, about €139,000.00 in Russian bank accounts and two luxury cars), but those limited assets were insufficient to fully satisfy his debts. (*i.e.*, about $5,000,000.00).[10] Despite Mr. Soglaev's appearance and objection, on December 3, 2020, the Russian Bankruptcy Court declared him insolvent and initiated procedures to liquidate his assets.[11]

Thereafter, the Official Receiver continued to request information from Mr. Soglaev and the FTS.[12] While Mr. Soglaev has not responded to those requests, the FTS responded that Mr. Soglaev had previously declared at year-end in 2018 that he maintained four bank accounts in

---

[4] Declaration of Roman Vladimirovich Spiridonov (the "Spiridonov Decl.") at ¶ 2.
[5] Spiridonov Decl. at ¶ 3.
[6] Spiridonov Decl. at ¶ 4.
[7] Declaration of Andreeva Viktoria Vladimirovna (the "Vladimirovna Decl.") at ¶ 4.
[8] Vladimirovna Decl. at ¶ 5.
[9] Vladimirovna Decl. at ¶ 6.
[10] Vladimirovna Decl. at ¶ 7.
[11] Vladimirovna Decl. at ¶ 8.
[12] Vladimirovna Decl. at ¶ 9.

the United States—at JPMorgan Chase and Citibank—which held an estimated $2,000,000.00.[13] The FTS even provided the bank names and account numbers.[14] This Application concerns those banks accounts, and it is supported not only by the Applicant, but also by the Official Receiver.[15]

## LEGAL ARGUMENT

This court should grant the Application and allow discovery concerning Mr. Soglaev's United States bank accounts for use in the Russian Bankruptcy Proceeding. The purpose of Section 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) ("The goals of the statute … are to provide equitable and efficacious discovery procedures in United States courts for the benefit of tribunals and litigants involved in litigation with international aspects") (internal citations omitted).

"Courts routinely grant such petitions *ex parte*." *In re Sakab Saudi Holding Co.*, Case No. 21 Misc. 176, 2021 WL 1565584, at *1 (S.D.N.Y. Apr. 21, 2021) (citing *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.")). Service of the Section 1782 applications is not necessary because objections (*e.g.*, motions to vacate or quash) can be raised after the Section 1782 subpoenas are served. *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012).

---

[13] Vladimirovna Decl. at ¶ 10.
[14] Vladimirovna Decl. at ¶ 11.
[15] Spiridonov Decl. at ¶ 5; Vladimirovna Decl. at ¶ 12.

I. **The Application should be granted because it satisfies each of Section 1782's mandatory requirements**

The statute says in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal …. The order may be made pursuant to … the application of any interested person ….

In other words, "[a] district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *In re Sakab Saudi Holding Co.*, Case No. 21 Misc. 176, 2021 WL 1565584, at *1 (S.D.N.Y. Apr. 21, 2021) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)). The Application satisfies each of the statute's mandatory requirements.

First, the New York Banks from whom discovery is sought are found within this District. A company that maintains its headquarters in New York City is clearly found within this District for the purposes of Sections 1782's prerequisite. *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, Case No. 19 Misc. 88, 2006 WL 3844464, at *4 (S.D.N.Y. Dec. 29, 2006). Here, JPMorgan Chase maintains its global headquarters within New York City. *See* "JPMorgan Chase CEO Dimon and NYC Mayor de Blasio Announce New, State-of-the-Art JPMorgan Chase Headquarters to Rise at 270 Park Ave" at https://www.jpmorganchase.com/news-stories/new-headquarters-270-park-ave (last visited May 23, 2021). Citibank also maintains its global headquarters within New York City. *See* "United States (USA) Region Info" at https://www.citigroup.com/citi/about/countries-and-jurisdictions/united-states-usa.html (last visited May 23, 2021). Accordingly, the Respondent Banks are found within this District.

Second, the testimony and documents requested will be used in the pending Russian Bankruptcy Proceeding against Mr. Soglaev where the Official Receiver has been trying without success to locate all of Mr. Soglaev's assets. "[T]he Second Circuit has affirmed the use of section 1782 for discovery relevant to a foreign bankruptcy proceeding, where the materials may aid in the reconstruction of financial records and identifying the debtors' assets." *In re Arida, LLC*, Case No. 19 Misc. 522, 2020 WL 7496355, at *4 (S.D.N.Y. Dec. 21, 2020) (granting Section 1782 discovery in aid of a Russian bankruptcy proceeding); *see also In re MTS Bank*, Case No. 17 Misc. 21545, 2018 WL 3145806 (S.D. Fla. June 27, 2018) (granting Section 1782 discovery in aid of a Russian bankruptcy proceeding); *see also In re: Application of Joint Stock Co. Raiffeinsenbank*, Case No. 16 Misc. 80203, 2016 WL 6474224, at *3 (N.D. Cal. Nov. 2, 2016) (granting Section 1782 discovery in aid of a Russian bankruptcy proceeding).

Third, as a creditor of Mr. Soglaev, the Applicant is obviously interested. Any evidence collected from the Respondent Banks will be given to the Official Receiver to help identify assets that may be liquidated for the benefit of Mr. Soglaev's creditors, like the Applicant.

**II.    The Application should be granted because it satisfies each of *Intel Corp's* discretionary factors**

Each of the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting the Application. *Intel* identified four discretionary factors the Court should consider in ruling on a Section 1782 request, including: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the

request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

First, the New York Banks are not participants in the Russian Bankruptcy Proceeding. The first factor weighs in favor of granting the Application.

Second, the relief sought in this Court is consistent with the nature and character of the Russian Bankruptcy Proceeding. The Application seeks evidence that will enable the Official Receiver in the Russian Bankruptcy Proceeding to identify and liquidate Mr. Soglaev's assets for the benefit of his creditors. "[I]t is well established that Russian courts are receptive to discovery requests in section 1782 cases[.]" *In re MTS Bank*, Case No. 17 Misc. 21545, 2018 WL 3145806, at *6–7 (S.D. Fla. June 27, 2018) (citing *In re Imanagement Servs., Ltd.*, 2005 WL 1959702, at *4 (E.D.N.Y. Aug. 16, 2005)). What's more, here, the Official Receiver supports the Application. The second factor weighs in favor of granting the Application.

Third, the Application does not attempt to circumvent Russian (or United States) proof-gathering restrictions or policies. In *In re MTS Bank*, Case No. 17 Misc. 21545, 2018 WL 3145806, at *8 (S.D. Fla. June 27, 2018), the district court could not identify any law or policies in Russia or the United States that would prevent the applicant from obtaining or introducing Section 1782 evidence in a Russian bankruptcy court. Furthermore, "[s]eeking more discovery than Russian discovery procedures allow does not circumvent Russian law." *In re Application of Joint Stock Co. Raiffeinsenbank*, Case No. 16 Misc. 80203, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016). The third factor weighs in favor of granting the Application.

Fourth, the discovery would not be unduly intrusive or burdensome. Even though district courts have allowed much broader discovery in similar contexts, *see In re Application of MTS Bank*, Case No. 17 Misc. 21545, 2017 WL 3276879, at *13 (S.D. Fla. Aug. 1, 2017) (Section

1782 subpoenas seeking seven years of bank records were "not overbroad in temporal scope"), the Subpoenas here are narrowly tailored to discover information concerning certain bank accounts that Mr. Soglaev himself disclosed to the FTS during the time period that the Applicant was loaning funds to Mr. Soglaev. The fourth factor weighs in favor of granting the Application.

## CONCLUSION

For the reasons set forth above, the Applicant respectfully requests that the Court (i) grant the Application and (ii) grant such other and further relief as may be just and proper.

Dated: June 14, 2021
New York, New York

Respectfully Submitted,

*/s/ Robert E. O'Connor*
Robert E. O'Connor
Montgomery McCracken
Walker & Rhoads LLP
437 Madison Avenue
New York, New York 10022
Telephone:(212) 867-9500
Facsimile: (212) 599-5085
roconnor@mmwr.com

*Attorneys for Applicant*
*Roman Vladimirovich Spiridonov*